IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBINSON RANCHERIA OF POMO INDIANS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KENNETH SALAZAR, in his official capacity as Secretary of the United States Department of the Interior; AMY DUTSCHKE, in her official capacity as Pacific Regional Director for the Bureau of Indian Affairs,<br><br>　　　　　Defendants. | Case No. 12-cv-04885-SC<br><br>ORDER GRANTING DEFENDANTS' <u>MOTION TO DISMISS</u> |

## I.    INTRODUCTION

This matter arises out of a request by the Robinson Rancheria of Pomo Indians (the "Tribe") to the Bureau of Indian Affairs ("BIA") to call a "Secretarial election" to approve proposed amendments to the Tribe's constitution.  The Tribe alleges that the Secretary of the United States Department of the Interior (the "Secretary") and the Regional Director of BIA (collectively, "Defendants") violated the Indian Reorganization Act ("IRA"), 25

U.S.C. § 476, by failing to call and conduct an election within ninety days of the receipt of the Tribe's request. ECF No. 1 ("Compl.") ¶¶ 17-18. Defendants now move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 7 ("MTD"). The Motion to Dismiss is fully briefed, ECF Nos. 9 ("Opp'n"), 10 ("Reply"), and appropriate for determination without oral argument. The Court finds that the Tribe's claims are now moot and, therefore, GRANTS Defendants' Motion to Dismiss.[1]

**II.   BACKGROUND**

On April 3, 2012, the Robinson Rancheria Business Council (the "Council"), the Tribe's governing body, adopted a resolution requesting that the Secretary call and conduct an election among the eligible voters of the Tribe to amend the Tribe's Constitution (hereinafter, the "Resolution"). Compl. ¶¶ 5, 10, Ex. A. On the same day, the Council sent the Resolution to Troy Burdick, the Superintendent of BIA. Id. ¶ 11, Ex. B. The Resolution identified the provisions of the constitution that the Council sought to amend and provided the text of the proposed amendments. Id. Ex. A.

On June 11, 2012, Mr. Burdick sent a letter to the Tribe's chairperson, stating that, although the proposed amendments were in compliance with federal law and acceptable to BIA, the Secretarial election process was "stopped" because the Council's request did not comply with 25 C.F.R. Part 81. Id. Ex. C. Specifically, BIA claimed that the Council's request, as set forth in the Resolution,

---

[1] Also pending before the Court is the Tribe's motion for summary judgment. ECF No. 12. That motion is DENIED as moot.

2

was improper because: (1) a copy of the text of the proposed amendments was contained in the body of the Resolution rather than on a separate piece of paper, and (2) the text of the proposed amendments was numbered, rather than labeled alphabetically. Id. The letter concluded: "Upon receipt of the proposed amendments in its proper format, [BIA] will continue the process to request an authorization to conduct the Secretarial election." Id.

On July 5, 2012, the Tribe's attorney sent a letter to Mr. Burdick, stating that BIA's position was unfounded, the Tribe's request was proper, and the Secretary had a mandatory duty to call an election within ninety days of receipt of the Resolution. Compl. Ex. E. The letter also stated that if BIA failed to respond within seven business days or refused to call and conduct the Tribe's election, the Tribe might bring an action in federal court. Id.

After receiving the July 5 letter, BIA apparently reversed course on the Tribe's election request. On July 17, 2012, Mr. Burdick submitted the Tribe's request to the BIA Regional Director for review and authorization to call a Secretarial election. ECF No. 8 ("Burdick Decl.") ¶ 6, Ex. E. On August 15, 2012, BIA's Regional Director authorized a Secretarial election on the Tribe's proposed constitutional amendments. Id. ¶ 7, Ex. G. On November 13, 2012, BIA mailed an election notice packet to all of the Tribe's eligible voters, informing them that an election on the proposed amendments to the Tribe's constitution would be held on February 9, 2013. Id. ¶ 11, Ex. J.

On September 18, 2012, before the election notice was mailed, the Tribe filed the instant action. The Tribe's Complaint asserts

three causes of action: (1) violation of the IRA, (2) breach of trust, and (3) violation of the Administrative Procedure Act ("APA"). Compl. ¶¶ 16-30. All three causes of action are predicated on Defendants' alleged failure to call and conduct a tribal election. See id. ¶¶ 17-18, 23, 27-28. The Tribe prays for the Court to enjoin Defendants from refusing to call and conduct the requested election and to declare that Defendants violated the IRA, the APA, and their trust obligations in failing to call and conduct the election. Id. at 8-9.

### III. DISCUSSION

Defendants move to dismiss for lack of subject matter jurisdiction on the grounds that: (1) Congress has not waived sovereign immunity over the Tribe's claims; (2) the Tribe has failed to exhaust its administrative remedies and, thus, cannot state a claim under the APA; and (3) the Tribe's claims are moot.[2] MTD at 3. The Court finds that the Tribe's claims are moot and, thus, need not and does not address Defendants' other arguments.

The instant action arose out of a controversy between BIA and the Tribe concerning the format of Tribe's request for a Secretarial election. See Compl. ¶¶ 17-18, 23, 27-28. That controversy was rendered moot when BIA decided to abandon its objections to the format of the Tribe's request and the Secretary authorized the Tribe's requested election. See Burdick Decl. Exs. E, G, J. As a result of the decision to authorize the election, any judgment on the merits of the case would not affect the rights

---

[2] Defendants also move dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on the ground that the Tribe cannot state a claim for breach of trust. MTD at 3.

4

of the parties. Accordingly, the Court cannot properly exercise jurisdiction over this matter. Article III of the United States Constitution, which provides that the exercise of judicial power depends upon the existence of a case or controversy, U.S. Const. art. III, § 2, bars federal courts from hearing moot cases. Envtl. Prot. Info. Ctr., Inc. v. Pac. Lumber Co., 257 F.3d 1071, 1076 (9th Cir. 2001).

The Tribe concedes that its request for injunctive relief is now moot, but argues that its request for declaratory relief continues to present a live case or controversy. Opp'n at 8. The Tribe reasons that Defendants violated § 476 by failing to call an election within ninety days of their request and that the violation was not rendered moot by Defendants' later actions. Id. The Tribe further argues that "if the defendants can avoid even a declaration that they have failed to meet the requirements of [§] 476, the time limits set forth in [§] 476 are meaningless." Id.

This line of argument is unavailing. "When a plaintiff seeks declaratory relief, as here, the test for mootness . . . is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Ctr. For Biological Diversity v. Lohn, 511 F.3d 960, 963 (9th Cir. 2007) (quotations omitted). In other words, "the central question" is "whether changes in circumstances . . . have forestalled any occasion for meaningful relief." Id. (quotations omitted). Here, a judicial declaration that BIA violated § 476 would have no meaningful effect on the rights of Tribe or the obligations of BIA. In fact, it would

5

amount to nothing more than an advisory opinion on § 476 and a slap on the wrist for BIA.  Further, contrary to the Tribe's argument, a finding of mootness does not render § 476 meaningless.  Nothing in this Order precludes the Tribe or others similarly situated from moving for injunctive relief to enforce the ninety-day time limit set forth in § 476 if BIA refuses to call and conduct a Secretarial election in the future.

The Tribe also implies that the "voluntary cessation" exception to the mootness doctrine applies here, arguing that "[i]f this Court does not declare that the defendants failed to meet their statutory duty to timely call the election, BIA officials will have no incentive to comply [with their duties] until tribes file suit."  Opp'n at 9.  Under the voluntary cessation exception, "th[e] voluntary cessation of allegedly illegal conduct does not deprive the [court] of power to hear and determine the case, i.e., does not make the case moot, unless there is no reasonable expectation that the wrong will be repeated."  <u>Pub. Utils. Comm'n of Cal. v. Fed. Energy Regulatory Comm'n</u>, 100 F.3d 1451, 1460 (9th Cir. 1996) (quotations omitted).  In this case, the Tribe has not pointed to any evidence suggesting that the alleged wrong will be repeated.  Defendants withdrew their objections to the format of the Tribe's request less than two weeks after they were contacted by the Tribe's lawyer and several weeks before the Tribe filed suit.  See <u>id.</u> ("[W]e have previously implied that, in order for this exception to apply, the defendant's voluntary cessation must have arisen because of the litigation.").  There is also no indication that Defendants have a regular practice of denying

requests for Secretarial elections based on the specific technical objections described in the Complaint.

**IV. <u>CONCLUSION</u>**

For the foregoing reasons, the Court finds that this action is moot and declines to exercise subject matter jurisdiction. Defendants Kenneth Salazar and Amy Dutschke's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

Dated: January 14, 2013 
UNITED STATES DISTRICT JUDGE

7