**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBINSON RANCHERIA OF POMO INDIANS, | ) Case No. 12-cv-04885-SC )
| Plaintiff, | ) ORDER GRANTING DEFENDANTS' ) MOTION TO DISMISS |
| v. | ) )
| KENNETH SALAZAR, in his official capacity as Secretary of the United States Department of the Interior; AMY DUTSCHKE, in her official capacity as Pacific Regional Director for the Bureau of Indian Affairs, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

I.    **INTRODUCTION**

This matter arises out of a request by the Robinson Rancheria of Pomo Indians (the "Tribe") to the Bureau of Indian Affairs ("BIA") to call a "Secretarial election" to approve proposed amendments to the Tribe's constitution.  The Tribe alleges that the Secretary of the United States Department of the Interior (the "Secretary") and the Regional Director of BIA (collectively, "Defendants") violated the Indian Reorganization Act ("IRA"), 25

**United States District Court**
For the Northern District of California

1 U.S.C. § 476, by failing to call and conduct an election within

2 ninety days of the receipt of the Tribe's request.  ECF No. 1

3 ("Compl.") ¶¶ 17-18.  Defendants now move to dismiss for lack of

4 subject matter jurisdiction pursuant to Federal Rule of Civil

5 Procedure 12(b)(1).  ECF No. 7 ("MTD").  The Motion to Dismiss is

6 fully briefed, ECF Nos. 9 ("Opp'n"), 10 ("Reply"), and appropriate

7 for determination without oral argument.  The Court finds that the

8 Tribe's claims are now moot and, therefore, GRANTS Defendants'

9 Motion to Dismiss.[1]

10

11 **II.   BACKGROUND**

12     On April 3, 2012, the Robinson Rancheria Business Council (the

13 "Council"), the Tribe's governing body, adopted a resolution

14 requesting that the Secretary call and conduct an election among

15 the eligible voters of the Tribe to amend the Tribe's Constitution

16 (hereinafter, the "Resolution").  Compl. ¶¶ 5, 10, Ex. A.  On the

17 same day, the Council sent the Resolution to Troy Burdick, the

18 Superintendent of BIA.  Id. ¶ 11, Ex. B.  The Resolution identified

19 the provisions of the constitution that the Council sought to amend

20 and provided the text of the proposed amendments.  Id. Ex. A.

21     On June 11, 2012, Mr. Burdick sent a letter to the Tribe's

22 chairperson, stating that, although the proposed amendments were in

23 compliance with federal law and acceptable to BIA, the Secretarial

24 election process was "stopped" because the Council's request did

25 not comply with 25 C.F.R. Part 81.  Id. Ex. C.  Specifically, BIA

26 claimed that the Council's request, as set forth in the Resolution,

27

28 [1] Also pending before the Court is the Tribe's motion for summary
judgment.  ECF No. 12.  That motion is DENIED as moot.

2

**United States District Court**
For the Northern District of California

1   was improper because: (1) a copy of the text of the proposed

2   amendments was contained in the body of the Resolution rather than

3   on a separate piece of paper, and (2) the text of the proposed

4   amendments was numbered, rather than labeled alphabetically.  Id.

5   The letter concluded: "Upon receipt of the proposed amendments in

6   its proper format, [BIA] will continue the process to request an

7   authorization to conduct the Secretarial election."  Id.

8        On July 5, 2012, the Tribe's attorney sent a letter to Mr.

9   Burdick, stating that BIA's position was unfounded, the Tribe's

10  request was proper, and the Secretary had a mandatory duty to call

11  an election within ninety days of receipt of the Resolution.

12  Compl. Ex. E.  The letter also stated that if BIA failed to respond

13  within seven business days or refused to call and conduct the

14  Tribe's election, the Tribe might bring an action in federal court.

15  Id.

16       After receiving the July 5 letter, BIA apparently reversed

17  course on the Tribe's election request.  On July 17, 2012, Mr.

18  Burdick submitted the Tribe's request to the BIA Regional Director

19  for review and authorization to call a Secretarial election.  ECF

20  No. 8 ("Burdick Decl.") ¶ 6, Ex. E.  On August 15, 2012, BIA's

21  Regional Director authorized a Secretarial election on the Tribe's

22  proposed constitutional amendments.  Id. ¶ 7, Ex. G.  On November

23  13, 2012, BIA mailed an election notice packet to all of the

24  Tribe's eligible voters, informing them that an election on the

25  proposed amendments to the Tribe's constitution would be held on

26  February 9, 2013.  Id. ¶ 11, Ex. J.

27       On September 18, 2012, before the election notice was mailed,

28  the Tribe filed the instant action.  The Tribe's Complaint asserts

1  three causes of action: (1) violation of the IRA, (2) breach of

2  trust, and (3) violation of the Administrative Procedure Act

3  ("APA").  Compl. ¶¶ 16-30.  All three causes of action are

4  predicated on Defendants' alleged failure to call and conduct a

5  tribal election.  See id. ¶¶ 17-18, 23, 27-28.  The Tribe prays for

6  the Court to enjoin Defendants from refusing to call and conduct

7  the requested election and to declare that Defendants violated the

8  IRA, the APA, and their trust obligations in failing to call and

9  conduct the election.  Id. at 8-9.

10

11  **III.  DISCUSSION**

12     Defendants move to dismiss for lack of subject matter

13  jurisdiction on the grounds that: (1) Congress has not waived

14  sovereign immunity over the Tribe's claims; (2) the Tribe has

15  failed to exhaust its administrative remedies and, thus, cannot

16  state a claim under the APA; and (3) the Tribe's claims are moot.[2]

17  MTD at 3.  The Court finds that the Tribe's claims are moot and,

18  thus, need not and does not address Defendants' other arguments.

19     The instant action arose out of a controversy between BIA and

20  the Tribe concerning the format of Tribe's request for a

21  Secretarial election.  See Compl. ¶¶ 17-18, 23, 27-28.  That

22  controversy was rendered moot when BIA decided to abandon its

23  objections to the format of the Tribe's request and the Secretary

24  authorized the Tribe's requested election.  See Burdick Decl. Exs.

25  E, G, J.  As a result of the decision to authorize the election,

26  any judgment on the merits of the case would not affect the rights

27  ――――――――――――――――

[2] Defendants also move dismiss for failure to state a claim under
28  Federal Rule of Civil Procedure 12(b)(6) on the ground that the
   Tribe cannot state a claim for breach of trust.  MTD at 3.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    of the parties.  Accordingly, the Court cannot properly exercise

2    jurisdiction over this matter.  Article III of the United States

3    Constitution, which provides that the exercise of judicial power

4    depends upon the existence of a case or controversy, U.S. Const.

5    art. III, § 2, bars federal courts from hearing moot cases.  Envtl.

6    Prot. Info. Ctr., Inc. v. Pac. Lumber Co., 257 F.3d 1071, 1076 (9th

7    Cir. 2001).

8         The Tribe concedes that its request for injunctive relief is

9    now moot, but argues that its request for declaratory relief

10   continues to present a live case or controversy.  Opp'n at 8.  The

11   Tribe reasons that Defendants violated § 476 by failing to call an

12   election within ninety days of their request and that the violation

13   was not rendered moot by Defendants' later actions.  Id.  The Tribe

14   further argues that "if the defendants can avoid even a declaration

15   that they have failed to meet the requirements of [§] 476, the time

16   limits set forth in [§] 476 are meaningless."  Id.

17        This line of argument is unavailing.  "When a plaintiff seeks

18   declaratory relief, as here, the test for mootness . . . is whether

19   the facts alleged, under all the circumstances, show that there is

20   a substantial controversy, between parties having adverse legal

21   interests, of sufficient immediacy and reality to warrant the

22   issuance of a declaratory judgment."  Ctr. For Biological Diversity

23   v. Lohn, 511 F.3d 960, 963 (9th Cir. 2007) (quotations omitted).

24   In other words, "the central question" is "whether changes in

25   circumstances . . . have forestalled any occasion for meaningful

26   relief."  Id. (quotations omitted).  Here, a judicial declaration

27   that BIA violated § 476 would have no meaningful effect on the

28   rights of Tribe or the obligations of BIA.  In fact, it would

5

**United States District Court**
For the Northern District of California

1   amount to nothing more than an advisory opinion on § 476 and a slap

2   on the wrist for BIA.  Further, contrary to the Tribe's argument, a

3   finding of mootness does not render § 476 meaningless.  Nothing in

4   this Order precludes the Tribe or others similarly situated from

5   moving for injunctive relief to enforce the ninety-day time limit

6   set forth in § 476 if BIA refuses to call and conduct a Secretarial

7   election in the future.

8        The Tribe also implies that the "voluntary cessation"

9   exception to the mootness doctrine applies here, arguing that "[i]f

10  this Court does not declare that the defendants failed to meet

11  their statutory duty to timely call the election, BIA officials

12  will have no incentive to comply [with their duties] until tribes

13  file suit."  Opp'n at 9.  Under the voluntary cessation exception,

14  "th[e] voluntary cessation of allegedly illegal conduct does not

15  deprive the [court] of power to hear and determine the case, i.e.,

16  does not make the case moot, unless there is no reasonable

17  expectation that the wrong will be repeated."  Pub. Utils. Comm'n

18  of Cal. v. Fed. Energy Regulatory Comm'n, 100 F.3d 1451, 1460 (9th

19  Cir. 1996) (quotations omitted).  In this case, the Tribe has not

20  pointed to any evidence suggesting that the alleged wrong will be

21  repeated.  Defendants withdrew their objections to the format of

22  the Tribe's request less than two weeks after they were contacted

23  by the Tribe's lawyer and several weeks before the Tribe filed

24  suit.  See id. ("[W]e have previously implied that, in order for

25  this exception to apply, the defendant's voluntary cessation must

26  have arisen because of the litigation.").  There is also no

27  indication that Defendants have a regular practice of denying

28

6

1 || requests for Secretarial elections based on the specific technical

2 || objections described in the Complaint.

3

4 || **IV.   CONCLUSION**

5 ||      For the foregoing reasons, the Court finds that this action is

6 || moot and declines to exercise subject matter jurisdiction.

7 || Defendants Kenneth Salazar and Amy Dutschke's Motion to Dismiss is

8 || GRANTED.

9

10 ||      IT IS SO ORDERED.

11

12 ||      Dated: January 14, 2013      

13 ||                                   UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California